UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROY DOUGLAS LASTER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:16-CV-669-HBG |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 14]. Now before the Court is Plaintiff's Motion for Judgement on the Pleadings and Memorandum in Support [Docs. 15 & 16] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18]. Roy Douglas Laster ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

**I. PROCEDURAL HISTORY**

On December 20, 2013, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, claiming a period of disability that began November 1, 2012, the amended onset date. [Tr. 112-13, 37]. After his

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 77]. A hearing was held on September 28, 2015. [Tr. 34-46]. On October 8, 2015, the ALJ found that Plaintiff was not disabled. [Tr. 22-29]. The Appeals Council denied Plaintiff's request for review [Tr. 2-4], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on November 28, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since November 1, 2012, the amended alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following medically determinable impairments: diabetes mellitus, hypertension, osteoarthritis, and obesity (20 CFR 404.1521 *et seq.*).
>
> 4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments. (20 CFR 404.1521 *et seq.*).
>
> 5. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2012, through the date of this decision (20 CFR 404.1520(c)).

[Tr. 24-29].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her*

*v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

V.  ANALYSIS

Plaintiff contends that the ALJ erred when he ended his decision at step two, and that substantial evidence does not support the ALJ's finding that Plaintiff's impairments are non-severe. [Doc. 16 at 4-10].

At step two, "the ALJ must find that the claimant has a severe impairment or impairments" to be found disabled. *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88 (6th Cir. 1985). To be severe, an impairment or combination of impairments must "significantly limit[] your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Step two has been described as "a *de minimis* hurdle" in that "an impairment will be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Brown*, 880 F.2d 860, 862 (6th Cir. 1988) (citing *Farris*, 773 F.2d at 90). "The mere diagnosis of [an ailment] . . . says nothing about the severity of the condition." *Id.* at 863. Rather, the claimant must "produce or point to *some* evidence that indicates that an alleged impairment impacts his ability to perform basic work activities." *Johnson v. Astrue*, No. 3:09-CV-317, 2010 WL 2803579, at *5 (E.D. Tenn. June 30, 2010), *adopted by*, No. 3:09-CV-317, 2010 WL 2836137 (E.D. Tenn. July 15, 2010) (emphasis in the original).

Plaintiff argues that he meets step two's *de minimis* hurdle based on the opinion of his treating physician, Mark J. Dalle-Ave, M.D., and that the ALJ did not provide "good reason" for discounting the opinion. [Doc. 16 at 6]. On July 2, 2014, Dr. Dalle-Ave wrote a letter wherein he explained that Plaintiff suffers from diabetes mellitus type II with renal manifestations, chronic kidney disease stage III, benign hypertension, osteoarthritis, lumbago, mixed hyperlipidemia, and

5

obesity. [Tr. 228]. During Plaintiff's most recent exam at that time, he complained of fatigue, malaise, and back pain. [*Id.*]. On examination, Plaintiff exhibited lower back tenderness and decreased strength and range of motion secondary to pain and stiffness. [*Id.*]. While Plaintiff's current prognosis was noted to be "fair," Dr. Dalle-Ave opined that Plaintiff's condition was worsening. [*Id.*]. Therefore, Plaintiff was restricted from repetitive back movements and heavy physical activity. [*Id.*]. Dr. Dalle-Ave concluded that it would be very difficult for Plaintiff to engage in any gainful employment as the result of his age, education, and medical history. [*Id.*].

The ALJ assigned "[l]ittle to no weight" to Dr. Dalle-Ave's opinion letter, because the restrictions noted therein were "highly inconsistent with the totality of the evidence, which fails to document any significant musculoskeletal abnormality, neuropathy, or notable complication from kidney disease or hypertension." [Tr. 28]. The ALJ additionally found that throughout the relevant period under review, Dr. Dalle-Ave "has not significantly adjusted the claimant's diabetic or blood pressure medication, and he has not provided any treatment for the claimant's alleged musculoskeletal pain." [*Id.*]. Therefore, the ALJ concluded that Dr. Dalle-Ave's restrictions were unsupported and sharply contrasted with the evidence of record. [*Id.*].

The Court observes that a treating source opinion generally enjoys controlling weight when it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c). However, the ultimate decision of disability rests with the ALJ. *Sullenger v. Comm'r of Soc. Sec.*, 255 Fed. App'x 988, 992 (6th Cir. 2007). When an ALJ does not give a treating source opinion controlling weight, the ALJ must always give "good reasons" for the weight assigned, taking into consideration the length of treatment, frequency of examination, the nature and extent of the treatment relationship, the amount of relevant evidence that supports the opinion, the opinion's

consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6).

Based on Dr. Dalle-Ave's letter and opinions therein, Plaintiff argues that the ALJ's step two finding "was simply wrong" and Dr. Dalle-Ave's opinion was improperly considered. [Doc. 16 at 6]. The Court disagrees and finds the ALJ's decision provides substantial evidence to end the disability determination at step two.

As to Plaintiff's diabetic disorder, the ALJ noted that despite A1C levels above the normal range in October 2011, subsequent testing in February 2012 and May 2013 produced normal results, and Dr. Dalle-Ave's treatment records during this period consistently noted Plaintiff's diabetes as "stable" with no complaints of extremity weakness, peripheral numbness, temperature intolerance, vision deficits, urinary issues, or other symptoms commonly associated with uncontrolled diabetes. [Tr. 25, 27, 182-220]. While Plaintiff's kidney function had decreased, Dr. Dalle-Ave opined that Plaintiff's condition was likewise "stable" and only necessitated monitoring with no additional treatment. [Tr. 25, 27, 190]. Even when Plaintiff's A1C level spiked in May 2014, Dr. Dalle-Ave noted Plaintiff was changing his lifestyle to include better diet and exercise, and subsequent treatment notes continued to demonstrate a lack of adverse symptoms or other complications. [Tr. 25, 229-37]. Plaintiff's overall treatment plan and medication regiment remained consistent until April 2015 when Plaintiff's oral medication was minimally increased, but no additional medication, including insulin injections, was added. [Tr. 25-26, 238-46].

With regard to Plaintiff's back and joint pain, the ALJ observed treatment records provided minimal findings. [Tr. 26, 28]. In fact, between February 2012 and December 2013, Plaintiff mentioned back pain on only two occasions and endorsed joint pain on only three occasions. [Tr. 26, 28, 193-20]. Nonetheless, examination findings during these occasions, as well as subsequent

7

visits, were completely negative for musculoskeletal abnormalities, and Dr. Dalle-Ave never recommended any type of treatment, including basic medication management, beyond encouragement that Plaintiff exercise, modify his lifestyle, and engage in daily walking. [Tr. 26, 28, 193-20, 229-37]. Plaintiff did not complain of back pain again until June 2014, at which time examination findings remained benign. [Tr. 26, 221-24]. Ironically, when Dr. Dalle-Ave did note general osteoarthritic changes in October 2014, Plaintiff did not endorse any back or joint pain. [Tr. 26, 234-37].

The ALJ similarly observed that treatment records between February 2012 and March 2013 demonstrated that Plaintiff's hypertension was "stable" with medication and only mild in severity. [Tr. 26, 28, 201-20]. Although there were occasions when Plaintiff's blood pressure reading was high, Plaintiff consistently declined to take medication, opting instead to control his condition with diet and exercise. [Tr. 26, 28, 193-220, 229-37]. Moreover, Plaintiff consistently denied dizziness, balance issues, chest pain, shortness of breath, or headaches. [Tr. 26, 28, 193-224, 231-37]. In fact, Plaintiff reported feeling well and not having any difficulty with daily functioning despite reporting an at-home blood pressure reading of 132/85 on April 9, 2015. [Tr. 26, 229].

The ALJ additionally considered the effects of Plaintiff's obesity, and his allegations of hearing difficulties and memory and concentration problems. [Tr. 27]. As to Plaintiff's weight, the ALJ observed that neither Plaintiff nor the record suggested that his weight was a disabling factor or a factor that imposed functional limitations. [*Id.*]. With regard to Plaintiff's complaints of hearing difficulties, the ALJ likewise found that the record was completely void of hearing complaints, and examination findings evidenced that Plaintiff's hearing was "grossly intact." [Tr. 27, 193-236]. Finally, the ALJ concluded that the record consistently noted Plaintiff's memory

8

and concentration was likewise intact, and Plaintiff routinely denied any difficulties in this area. [Tr. 27, 194-236].

The Court finds the ALJ's discussion of the foregoing evidence provides substantial evidence that examination findings were largely normal and unremarkable, Plaintiff rarely endorsed any type of back or joint pain, and his other conditions were generally noted as "stable" or controlled with modest to no treatment at all. The only contrary evidence cited by Plaintiff is Dr. Dalle-Ave's opinion letter and "the somewhat equivocal pronouncements of" a non-examining state agency physician's recommendation at the initial level of the administrative proceedings that a consultative examination be conducted because Plaintiff's subjective allegations of visual problems, numbness in feet, and shortness of breath were routinely denied to Dr. Dalle-Ave. [Doc. 16 at 6-7 (citing Tr. 53)].

As to Dr. Dalle-Ave's opinion, while his letter may support Plaintiff's subjective complaints and endorse restrictions against repetitive back movements and heavy physical activity, the ALJ was not obligated to credit Dr. Dalle-Ave's findings as his own treatment notes overwhelming failed to substantiate the limitations he assessed. *See* 20 C.F.R. § 404.1527(c)(4) ("[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."); *Leeman v. Comm'r of Soc. Sec.*, 449 F. App'x 496, 497 (6th Cir. 2011) ("ALJs may discount treating-physician opinions that are inconsistent with substantial evidence in the record, like the physician's own treatment notes.").

With regard to the state agency physician's recommendation that a consultative examination be performed, the Court observes that consultative examinations are within the ALJ's discretionary power and need only be ordered when there is "an inconsistency in the evidence, or when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision

9

on [the] claim." 20 C.F.R. § 404.1519a. Here, the record adequately provides more than enough information and evidence for the ALJ to reach a well-supported conclusion. Moreover, the ALJ relied on the opinions of two other non-examining state agency physicians, both of whom opined that Plaintiff's impairments were non-severe, either singular or in combination, and that Plaintiff's prognosis appeared stable with continued care and treatment compliance. [Tr. 28, 54, 63].

Plaintiff additionally complains that the ALJ's step two finding is undermined by Plaintiff's testimony regarding his diabetes. [Doc. 16 at 9-10]. Specifically, Plaintiff testified that his medication sometimes caused dizziness, he experienced numbness in his hands and feet, and he had difficulty sleeping and paying attention. [Tr. 41-43].[2] To the contrary, the ALJ detailed that the medical evidence demonstrated Plaintiff's impairment was "stable," there was no reference to any other end organ damage, there is no documentation of significant and persistent disorganization of motor function, no objective evidence of neuropathy, and Plaintiff consistently denied adverse symptoms associated with his diabetes. [Tr. 25-28]. Indeed, Plaintiff does not cite to any specific evidence, other than his own testimony, that allegedly contradicts the ALJ's conclusions. "[D]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531.

Accordingly, the Court finds that the ALJ provided "good reasons" for the weight assigned to Dr. Dalle-Ave's opinion, and substantial evidence supports the ALJ's step two finding that

---

[2] Plaintiff additionally suggests that his subjective allegations are particularly credible in light of his advanced age and work history. [Doc. 16 at 10]. Plaintiff's position is not supported by case law or agency rulings. *see Higgs*, 880 F.2d at 862 ("Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.") (citing *Farris*, 773 F.2d at 90); *see also* Soc. Sec. Rul. 85-25, 1985 WL 56856, at *3 (Jan. 1, 1985) (explaining the same).

Plaintiff did not have a severe impairment or combination of impairments. Therefore, Plaintiff's assignment of errors is not well-taken.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Judgement on the Pleadings [**Doc. 15**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 17**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

_____
United States Magistrate Judge